IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROY GARCIA, | No. C-11-1188 TEH (PR) |
| Petitioner, | ORDER OF DISMISSAL WITH LEAVE TO AMEND; REQUIRING NOTICE OF ELECTION; GRANTING LEAVE TO PROCEED <u>IN FORMA PAUPERIS</u> |
| v. | |
| GARY SWARTHOUT, Warden, | |
| Respondent. | (Doc. #2) |

Petitioner, a state prisoner incarcerated at California State Prison-Solano in Vacaville, California, has filed a <u>pro se</u> Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Sonoma County superior court. Doc. #1. He also seeks leave to proceed <u>in forma pauperis</u>, Doc. #2, which the Court now GRANTS. For the reasons set forth below, the Petition will be DISMISSED WITH LEAVE TO AMEND.

I

According to the Petition, Petitioner was sentenced to eight years and four months in state prison following his

convictions of two counts of assault with a deadly weapon and other crimes. Doc. #1 at 2-3. Petitioner sought post-conviction relief in the state superior and appellate courts until the California Supreme Court denied his final petition on August 11, 2010. Doc. #1 at 44. The instant federal Petition for a Writ of Habeas Corpus followed.

## II

### A

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging that: (1) trial counsel was ineffective during the trial and sentencing proceedings; (2) there was insufficient evidence to support Petitioner's convictions; (3) the prosecutor committed misconduct and engaged in selective prosecution; (4) Petitioner was denied his right to present a defense; (5) Petitioner was denied his right to proper notice of the charged strike allegation; and (6) the trial court was biased against Petitioner by failing to instruct the jury on certain lesser included offenses.

Liberally construed, Petitioner's claims appear cognizable

2

under 28 U.S.C. § 2254 and ordinarily would merit an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).  It appears, however, that Petitioner has included an unexhausted claim in his Petition, namely ineffective assistance of appellate counsel.  See Doc. #1 at 6.  The inclusion of an unexhausted claim with exhausted claims renders the Petition a "mixed" petition, which is subject to dismissal with leave to amend.

B

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b) & ©.  The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'"  Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).  The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts.  See id.; Peterson v. Lampert, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc).  A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  See Rhines v. Webber, 544 U.S. 269, 273 (2005).

3

C

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claim before having this Court consider all claims.  Accordingly, instead of an outright dismissal of the action, the Court will allow Petitioner to choose whether he wants to:

(1) dismiss the unexhausted claim and go forward in this action with only the exhausted claims; or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims; or

(3) move to stay these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

In Rhines, the United States Supreme Court discussed the stay-and-abeyance procedure for mixed petitions.  The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."

4

Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be thirty (30) days to proceed to state court and thirty (30) days to return to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003).

Petitioner is cautioned that each of the three options outlined above has risks and drawbacks that he should take into account in deciding which one to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and demonstrate good cause for failing to exhaust, and, if the motion is granted, he then must act diligently to file a petition in the California Supreme Court and obtain a decision from that court on his unexhausted claim, and then must return to this Court. And under option (3), this action stalls; this Court will do nothing further to resolve the case while Petitioner is diligently seeking relief in state court.

//

**III**

**For the foregoing reasons and for good cause shown,**

**1.    Petitioner's request to proceed in forma pauperis (Doc. #2) is GRANTED.**

**2.    Within thirty (30) days of the date of this Order, Petitioner must serve and file a notice in which he states whether he elects to:  (1) dismiss the unexhausted claim and go forward in this action with only the remaining exhausted claims; or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition; or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims.**

**If Petitioner chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option _____ provided in the Court's Order dated _____."  Petitioner must insert a number in place of the blank space to indicate which of the first two options he chooses and insert the date of the Court's Order.**

**If Petitioner chooses Option (3), he must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claim in state court before presenting it to this Court, that his claim is not meritless, and that he is not intentionally delaying resolution of his constitutional claims.**

*//*

*//*

*//*

6

If Petitioner does not choose one of the three options or does not file a motion within thirty (30) days of the date of this Order, the entire action will be dismissed.

IT IS SO ORDERED.

DATED     *10/06/2011*

THELTON E. HENDERSON
United States District Judge