IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROY GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT, Warden,<br><br>    Respondent.<br>_____/ | No. C-11-1188 TEH (PR)<br><br>ORDER TO SHOW CAUSE; DIRECTING PETITIONER TO FILE SIGNATURE PAGE |

    Petitioner has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Sonoma County Superior Court. Doc. #1. The petition was a "mixed" petition, i.e., one that included both exhausted and unexhausted claims. The Court therefore dismissed the mixed petition with leave to amend and ordered Petitioner to choose one of the following three options: (1) dismiss the unexhausted claim and go forward in this action with only the exhausted claims; or (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims; or (3) move to stay these proceedings while he exhausts his

unexhausted claims in the California Supreme Court. Doc. #4.

Petitioner has filed a notice of election and has opted to drop his unexhausted claim and proceed only with the exhausted claims. Doc. #5.

I

According to the Petition, Petitioner was sentenced in January 2009 to eight years and four months in state prison following his convictions of two counts of assault with a deadly weapon and other crimes. Doc. #1 at 2-3. Petitioner sought post-conviction relief in the state superior and appellate courts until the California Supreme Court denied his final petition on August 11, 2010. Doc. #1 at 44. The instant federal Petition for a Writ of Habeas Corpus followed.

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging that: (1) trial counsel was ineffective during the trial and sentencing proceedings; (2) there was insufficient evidence to

2

support Petitioner's convictions; (3) the prosecutor committed misconduct and engaged in selective prosecution; (4) Petitioner was denied his right to present a defense; (5) Petitioner was denied his right to proper notice of the charged strike allegation; and (6) the trial court was biased against Petitioner by failing to instruct the jury on certain lesser included offenses.

Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

Petitioner failed to sign his petition. Doc. #1 at 7. He must file a signed signature page for his Petitioner no later than February 24, 2012. A copy of the signature page has been mailed to him for him to sign and return to the court.

### III

In Petitioner's most recent filing, he informed the Court that he is no longer incarcerated, and is currently out on parole. Doc. #5. Petitioner is reminded that he must keep the Court and all parties informed of any change of address. He may do so by filing with the Court a document titled "Notice of Change of Address" and listing the address at where he would like to receive the documents filed in this case.

//
//
//

**IV**

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner to the address on file with the Court, and to the return address listed on Petitioner's most recent filing: 954 Baxter Ave., Sonoma, CA 95476.

2.  Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

3.  In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply

**4**

within fifteen (15) days of receipt of any Opposition.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address. Currently the address on file is: Robert Roy Garcia, #F-55098, California State Prison - Solano, P.O. Box 4000, Vacaville, CA 95696-4000. All case-related correspondence will go to this address unless Petitioner provides the Court and all parties with a new address.

5. Petitioner is directed to file an signed signature page by February 24, 2012.

IT IS SO ORDERED.

DATED   *01/31/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.11\Garcia-11-1188-osc.wpd

5