IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROY GARCIA, | No. C-11-1188 TEH (PR) |
|     Petitioner, | ORDER DIRECTING PETITIONER TO FILE A NOTICE OF INTENT TO PROSECUTE AND TO PROVIDE COURT WITH CURRENT ADDRESS |
|     v. | |
| GARY SWARTHOUT, Warden, | |
|     Respondent. | |

Petitioner has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Sonoma County Superior Court. Doc. #1. On December 5, 2011, Petitioner informed the Court that he wished to dismiss his unexhausted claim and proceed with his exhausted claims. Doc. #5. At that time, Petitioner also informed the Court that he was no longer incarcerated and had been paroled for six and a half months. Id. Petitioner did not provide the Court with an updated address.

On February 1, 2012, the Court issued an order directing Respondent to show cause why a writ of habeas corpus should not be granted. Doc. #6. In this order, the Court also directed

Petitioner to file a signed signature page for his Petition by February 24, 2012.  A copy of the order was mailed to Petitioner's address of record:  CSP-Solano, P.O. Box 4000, Vacaville CA 95696. It appears that California State Prison - Solano forwarded the order to the Santa Rosa Parole Units 1, 2, and the order was returned by the Santa Rosa Parole Unit as "Unable to Forward."  Doc. #8. Another copy of the order was mailed to the return address listed on Petitioner's last filing: 954 Baxter Avenue, Sonoma CA 95476.  This mail was also returned to the Court as undeliverable.  See Doc. #7.

On March 29, 2012, Respondent filed a motion to dismiss for failure to exhaust state remedies.  Doc. #9.  Nearly three months have passed, and Petitioner has not filed any response to the motion to dismiss.  Nor has Petitioner filed the required signed signature page for his Petition.  Petitioner has not communicated with the Court since December 5, 2011.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order.  See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).  But such a dismissal should only be ordered when the failure to comply is unreasonable.  See id.  The Court should afford the litigant prior notice of its intention to dismiss.  See Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987). Furthermore, pursuant to Northern District Local Rule 3-11, a party proceeding pro se whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address.  See L.R. 3-11(a).

2

Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish whether Petitioner intends to continue to prosecute this action. See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). Petitioner shall file a notice of his current address and his continued intent to prosecute no later than July 16, 2012. Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. See Malone, 833 F.2d at 133 (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

The Clerk is directed to serve a copy of this Order to the return address listed on Petitioner's most recent filing: 954 Baxter Ave., Sonoma, CA 95476.

IT IS SO ORDERED.

DATED   *06/19/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.11\Garcia-11-1188-41b notice.wpd

3